JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-0995 JGB (DTBx)** | Date | July 25, 2013 |
| Title | *HSBC Bank USA National Assoc. v. Narges Kasramehr et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **Minute Order REMANDING Action to California Superior Court for the County of Riverside**

## I. BACKGROUND

On February 5, 2013, Plaintiff HSBC Bank USA National Association ("HSBC") filed a complaint for unlawful detainer ("Complaint") against Defendant Narges Kasramehr ("Kasramehr") and fictitious defendants in the California Superior Court for the County of Riverside. (Not. of Removal, Exh. B, Doc. No. 1.) On June 3, 2013, Defendant Kasramehr removed the action to this Court. (Id.) On June 25, 2013, Plaintiff HSBC filed a Motion to Remand this action to Riverside County Superior Court. (Doc. Nos. 3-4.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Defendant alleges that removal is proper based on 28 U.S.C. § 1443 and 28 U.S.C. § 1332. Neither of these statutes serves as a proper ground for removal of this action.

**A.     Civil Rights Removal**

Defendant cites 28 U.S.C. § 1443 in support of removal. Section 1443(1) provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Removal under § 1443(1) requires defendant to satisfy a two-part test: (1) defendant "must assert, as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights;" and (2) defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (internal citation omitted). Defendant fails to meet both prongs of the test.

A removal notice under § 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966). Section 1443(2) does not apply in this instance and the Court addresses removal under only subsection (1).

In addressing the first prong of § 1443(1), Defendant argues that she has a defense to the unlawful detainer action under the Due Process Clause of the Fourteenth Amendment because "Plaintiff's counsel therefore has, in effect, used their knowledge of the law attempting to prevent Defendant from fully and accurately presenting her case." (Not. of Removal at 4.)

In State of Georgia v. Rachel, 384 U.S. 780 (1966), the Supreme Court held "that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of that clause is phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." Id. at 792. Similarly, here, Defendant's reliance on alleged procedural due process violations under the Fourteenth Amendment cannot support a claim for removal under § 1443 because those clauses are generally applicable and not specifically stated in terms of racial equality. See HSBC Bank USA v. Cabal, No. 10-1621, 2010 WL 3769092, at *3 (S.D. Cal. Sept. 21, 2010) ("Defendant's Fifth and Fourteenth Amendment claims do not assert claims under laws providing for specific civil rights stated in terms of racial equality because they are generally applicable."). Thus, Defendant has failed to satisfy the first prong for removal under § 1443.

The second element of Section 1443 removal requires that a petition for removal must allege, "not merely that rights of equality would be denied or could not be enforced, but that the

denial would take place in the courts of the State[, and that] . . . the denial [must] be manifest in a formal expression of state law." Rachel, 384 U.S. at 803. Therefore, a litigant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

Defendant's claim is insufficient to invoke the Court's jurisdiction under § 1443 because Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore her federal rights. See Wells Fargo Bank Nat. Ass'n v. Vann, No. 13-01148, 2013 WL 1856711 (N.D. Cal. May 2, 2013) (finding that removal was improper under § 1443 where defendant alleged that the "unlawful detainer complaint process itself denies homeowners . . . due process rights to unlimited jurisdiction cross complaint and discovery after sale"); HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Moreover, the allegations Defendant makes regarding the propriety of civil rights removal are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. See Bogart v. California, 355 F.2d 377, 380–81 (9th Cir. 1966). Consequently, removal is not proper under § 1443.

**B.     Diversity Jurisdiction**

Alternatively, Defendant alleges that the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28 U.S.C. § 1332(a). Defendant does not allege the citizenship of the parties.

Jurisdiction, including the amount in controversy, is determined at the moment of removal. See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). The amount in controversy is determined from the Complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the Complaint. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007). In its Complaint, Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case. (Compl. at 1.) See Cal. Code Civ. Proc. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). Consequently, it is clear that the amount in controversy does not exceed $75,000,[1] and the Court lacks diversity jurisdiction to hear the action.

---

[1] In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. Federal Nat. Mortg. Ass'n v. Lemon, No. 11–03948, 2011 WL 3204344, at *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself").

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**

JS-6

MG